## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

FREDY RAMIREZ CALDERON
c/o 519 H Street NW
Washington, DC 20001
(Baltimore City)

       Plaintiff,

v.

ORLEANS PIZZA, INC.
d/b/a PIZZA BOLI'S
234 N. Patterson Avenue
Baltimore, MD 21231
(Baltimore City)

RASHID JAVED
5200 Castlestone Drive
Rosedale, MD 21237
(Baltimore County)

      Defendants.

Civil Action No. _____

## COMPLAINT

1.      While Plaintiff worked at Defendants' pizza restaurant, Defendants denied Plaintiff overtime wages by paying him the same regular hourly rate across all hours worked. Moreover, Defendants did not always pay Plaintiff the Maryland minimum wage.

2.      Plaintiff brings this action against Orleans Pizza, Inc. and Rashid Javed ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because all of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

**Parties**

5.      Plaintiff Fredy Ramirez Calderon is an adult resident of Baltimore City, Maryland.

6.      Defendant Orleans Pizza, Inc. is a Maryland corporate entity. It does business as Pizza Boli's. Its principal place of business is located at 234 N. Patterson Avenue, Baltimore, MD 21231. Its resident agent for service of process is Rashid Javed, 5200 Castlestone Drive, Rosedale, MD 21237.

7.      Defendant Rashid Javed is an adult resident of Maryland. He resides at 5200 Castlestone Drive, Rosedale, MD 21237. He is an owner and officer of Defendant Orleans Pizza, Inc. He exercises exclusive control over the operations of Orleans Pizza, Inc. — including its pay practices.

**Factual Allegations**

8.      Defendants own and operate the "Pizza Boli's" restaurant located at 234 N. Patterson Avenue, Baltimore, MD 21231.

9.      Plaintiff worked at Pizza Boli's from approximately October 2013 through approximately May 31, 2020.

10.      Plaintiff worked at Pizza Boli's as a kitchen laborer.

11.      Plaintiff's job duties at Pizza Boli's primarily consisted of preparing and cooking pizza, cleaning his workstation, and occasionally washing dishes.

12.      Plaintiff typically and customarily worked six days per week.

2

13.    Plaintiff typically and customarily had the day off on Mondays. However, on occasion, Plaintiff worked seven days a week.

14.    Plaintiff typically and customarily worked between forty-five and seventy-five hours per week.

15.    For example, from April 1, 2020 through April 15, 2020, Plaintiff worked the following hours:

| Date | Hours Worked |
|------|--------------|
| Wednesday, April 1, 2020 | 6.0 |
| Thursday, April 2, 2020 | 12.5 |
| Friday, April 3, 2020 | 11.0 |
| Saturday, April 4, 2020 | 11.5 |
| Sunday, April 5, 2020 | 13.0 |
| Monday, April 6, 2020 | – |
| Tuesday, April 7, 2020 | 12.0 |
| Wednesday, April 8, 2020 | 12.5 |
| Thursday, April 9, 2020 | 12.0 |
| Friday, April 10, 2020 | 12.0 |
| Saturday, April 11, 2020 | 13.5 |
| Sunday, April 12, 2020 | 12.5 |
| Monday, April 13, 2020 | – |
| Tuesday, April 14, 2020 | 12.5 |
| Wednesday, April 15, 2020 | 6.0 |

16.    On April 15, 2020, at 4:51 p.m., Plaintiff took a picture of his timecard for April 1, 2020 through April 15, 2020. *See* Ex. A.

17.    At all relevant times, Defendants never provided Plaintiff with a copy of his timecards.

18.    At all relevant times, Defendants paid Plaintiff by the hour.

19.    Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|-------------------|-------------|
| Jan. 01, 2017 – Dec. 31, 2018 | $9.50 |
| Jan. 01, 2019 – May 31, 2020 | $10.50 |

20.    At all relevant times, Defendants paid Plaintiff in cash.

21.    Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

22.    At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

23.    At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

24.    In addition to not paying overtime wages, Defendants did not always pay Plaintiff the applicable Maryland minimum wage.

25.    Maryland requires employers to pay non-exempt employees at least $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

26.    For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $22,000.00 in minimum and overtime wages (excluding liquidated damages).

27.    Defendant Rashid Javed participated in the decision to hire Plaintiff.

28.    Defendant Rashid Javed participated in the decision to set Plaintiff's work schedule.

29.    Defendant Rashid Javed participated in the decision to set Plaintiff's hourly rate.

30.    Defendant Rashid Javed often personally handed Plaintiff his pay.

31.    At all relevant times, Defendants had the power to hire and fire Plaintiff.

32.    At all relevant times, Defendants had the power to control Plaintiff's work schedule.

33.    At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

34.    At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

35.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

36.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

37.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

38.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

39.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

40.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, anchovies, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

41.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

42.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

43.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

44.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

45.     Defendants' violations of the FLSA were willful.

46.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

47.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

48.     Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

49.     The MWHL requires that employers pay non-exempt employees at least $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

50.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

51.     Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

52.     Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

53.     Defendants' violations of the MWHL were willful.

54.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## COUNT III

## FAILURE TO PAY WAGES UNDER THE MWPCL

55.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

56.     Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

57.     The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

58.     The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

59.     The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

60.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

61.     Defendants' violations of the MWPCL were willful.

62.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$66,400.00**, and grant the following relief:

a.      Award Plaintiff $66,000.00, consisting of the following overlapping elements:

i.       unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

ii.       unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

iii.       three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.       Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.       Award Plaintiff reasonable attorney's fees and expenses;

d.       Award Plaintiff court costs (currently, $400.00); and

e.       Award any additional relief the Court deems just.

Date: July 14, 2020            Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*